**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **INOVA HEALTH CARE SERVICES, FOR INOVA FAIRFAX HOSPITAL AND ITS DEPARTMENT, LIFE WITH CANCER, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**OMNI SHOREHAM CORP.,**<br><br>**Defendant.** | **Civil Action No. 20-784 (JDB)** |

**MEMORANDUM OPINION**

This case arises from a contract between Inova Health Care Services, for Inova Fairfax Hospital and its Department, Life with Cancer ("Inova"), and Omni Shoreham Corporation ("Omni"), in which the parties agreed that Omni would host Inova's annual fundraising gala at the Omni Shoreham Hotel ("Hotel") on September 21, 2019.[1] The facts of the underlying case are set forth in detail in this Court's Memorandum Opinion denying Omni's motion to dismiss. See Mem. Op., July 22, 2020 [ECF No. 13] at 1–4. Plaintiff (and counter-defendant) Inova now seeks to dismiss defendant (and counter-plaintiff) Omni's counterclaim for breach of contract. See generally Mem. of L. in Supp. of Mot. to Dismiss Countercl. Against Inova [ECF No. 50-1] ("Mot. to Dismiss"). For the following reasons, the Court will deny Inova's motion.

[1] Although Smith Center for Healing and the Arts is also a plaintiff in this action, see Mem. Op. & Order Apr. 14, 2021 [ECF No. 41] at 11 (denying Omni's motion to dismiss Smith Center); cf. Stipulation of Dismissal [ECF No. 61] at 1 (dismissing a third plaintiff), Omni raises its counterclaim against only Inova, see Omni's Answer to Pls.' First Am. Compl. & Countercl. Against Pl. Inova [ECF No. 46] at 16. The Court will refer to Inova and Smith Center collectively as "plaintiffs."

**Background**

The following factual background is based on the allegations set forth in Omni's counterclaim; for purposes of evaluating the present motion to dismiss, the Court must accept those allegations as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Harford Mut. Ins. Co. v. New Ledroit Park Bldg. Co., 313 F. Supp. 3d 40, 46 (D.D.C. 2018) (applying the same standard in considering a motion to dismiss a counterclaim). On December 14, 2018, Inova contracted with Omni to host its annual charity fundraising gala ("Event") at the Hotel on September 21, 2019. Omni's Answer to Pls.' First Am. Compl. & Countercl. against Pl. Inova [ECF No. 46] ("Countercl.") ¶¶ 6, 8–9.[2] The written agreement, appended as Exhibit A to Inova's First Amended Complaint, see First Am. Compl. Ex. A [ECF No. 26] ("Agreement") at 19–26,[3] provides that the Event would take place in the Ambassador and Regency Ballrooms of the Hotel, Agreement at 21.

Inova paid a $10,000 "non-refundable deposit" to secure those spaces, and the parties agreed that, if Inova "for any reason cancel[ed] any event and/or part of this agreement" between June 23, 2019 and July 22, 2019, Inova would pay Omni $29,000 "as liquidated damages." Agreement at 22. If Omni were able to "book another function" of equal or greater value in the Regency Ballroom on September 21, Inova would receive a credit of its liquidated damage toward the replacement event. Id. The parties also agreed that "[a]ny changes" to the Agreement would "not be considered agreed to or binding" unless they were "initialed or otherwise approved in writing by both parties." Id. at 25. Finally, each party agreed to "indemnify, defend and hold the

[2] Omni's answer and counterclaim appear in the same document, and the paragraph numbering restarts in the portion of the filing that comprises the counterclaim. The Court will cite paragraphs from the counterclaim using its internal numbering.

[3] Plaintiffs' First Amended Complaint and the exhibits thereto appear in a single document. The Court will use the electronically generated CM/ECF page numbers to refer to the Amended Complaint and its exhibits.

other harmless from any loss, liability, cost or damages (including reasonable attorneys' fees and disbursements) arising from . . . [a]ny breach of th[e] agreement by the indemnitor in the performance of its obligations." Id. at 26.

On July 12, 2019, Inova informed Omni, by a letter from Inova's lawyer, "that Inova was backing out of the Agreement, and that Inova would not conduct the Event at the Hotel." Countercl. ¶ 13; see id. ¶ 25 (citing First Am. Compl. Ex. E [ECF No. 26] ("July 12 Letter") at 44). Although Omni's counterclaim does not allege a reason for Inova's decision, Omni does not dispute that it had previously informed Inova that the Event would have to take place in rooms at the Hotel other than the Ambassador and Regency Ballrooms. See Omni's Opp'n to Mot. to Dismiss [ECF No. 53] ("Opp'n") at 16–17; July 12 Letter at 42. Omni provides three alternative interpretations of what happened next: either the parties "voluntarily agreed to rescind [the Agreement], by Inova canceling its event and Omni refunding to Inova the deposit that Inova had paid," Countercl. ¶ 14; the parties "reached an accord and satisfaction of their dispute by Inova canceling the event and Omni agreeing to refund the deposit," id. ¶ 15; or, if "there is a finding . . . that there was neither a voluntary rescission of the Agreement, a waiver by Inova of [its] rights under the Agreement, nor an accord-and-satisfaction . . . , then Omni did not agree to release Inova from its obligation . . . to conduct the Event at the Hotel," id. ¶ 16. Under that third scenario, Omni alleges that it "did not agree to relieve Inova of its obligation under the Agreement to pay . . . liquidated damages" of $29,000, and Inova is liable for liquidated damages. Id. ¶¶ 17–18. Omni claims that Inova's failure to pay the liquidated damages was a "material[] breach" of the Agreement, so Omni is entitled to damages. Id. ¶ 29.

Inova now moves to dismiss Omni's counterclaim for three reasons. First, Inova contends that the claim is implausible because it is based on factual allegations that are "contradicted by

controlling documents"—the Agreement and the July 12 Letter—"incorporated within and central to the counterclaim." Mot. to Dismiss at 7 (cleaned up). Inova next argues that the counterclaim is implausible because "controlling facts" show that Omni, and not Inova, breached the Agreement. Id. at 16 (cleaned up). Finally, Inova asserts that the counterclaim must be dismissed because it pleads inconsistent facts within a single claim. Id. at 19. Omni responds that the counterclaim rests on only one extrinsic document—the Agreement, Opp'n at 6–15—but, even if the Court considers the July 12 Letter, it has plausibly stated a claim that Inova breached the Agreement, id. at 15–20. Omni also disputes Inova's claim regarding inconsistent pleading, arguing that the only inconsistencies are between its affirmative defenses and its counterclaim and that those inconsistencies are legal, not factual. Id. at 20–25.

## Analysis

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain enough factual matter to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A facially plausible claim is one that 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Moore v. U.S. Dep't of State, 351 F. Supp. 3d 76, 87 (D.D.C. 2019) (quoting Iqbal, 556 U.S. at 678). "A complaint need not contain 'detailed factual allegations,' but alleging facts that are 'merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility.'" Id. (alteration in original) (quoting Iqbal, 556 U.S. at 678).

When considering a Rule 12(b)(6) motion, a court "must construe the complaint 'in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged.'" Hettinga v. United States, 677 F.3d 471, 476 (D.C. Cir. 2012) (quoting Schuler v.

United States, 617 F.2d 605, 608 (D.C. Cir. 1979)). A court "need not accept inferences . . . if [they] are unsupported by the facts set out in the complaint," G'Sell v. Carven, 724 F. Supp. 2d 101, 107 (D.D.C. 2010) (citation omitted), nor must it accept a "legal conclusion couched as a factual allegation," Moore, 351 F. Supp. 3d at 87 (quoting Iqbal, 556 U.S. at 678). All of these "standards govern a motion to dismiss with respect to an opposing party's counterclaims." Harford Mut. Ins. Co., 313 F. Supp. 3d at 46 (quoting Wharf, Inc. v. Dist. of Columbia, 232 F. Supp. 3d 9, 16 (D.D.C. 2017)).

## I. Plausibility

Inova argues that Omni's counterclaim is implausible because it is based on factual allegations "contradicted by controlling documents incorporated within and central to the complaint" and by "controlling facts." Mot. to Dismiss at 7 (cleaned up); see id. at 7–19. Omni responds that the only document incorporated within and central to its claim is the Agreement, Opp'n at 6–15, and, in any event, it has successfully stated a claim for breach of contract by Inova, id. at 15–20.

To determine whether a complaint—or, as here, a counterclaim—states a plausible claim for relief, "courts may consider 'the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint' or 'documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss." Chien v. United States, Civ. A. No. 17-2334 (CKK), 2019 WL 4602119, at *4 (D.D.C. Sept. 23, 2019) (quoting Ward v. D.C. Dep't of Youth Rehab. Servs., 768 F. Supp. 2d 117, 119 (D.D.C. 2011)). The parties vigorously dispute whether Omni's counterclaim incorporates the July 12 Letter from Inova's counsel to Omni. See Mot. to Dismiss at 9, 12; Opp'n at 12–15. Although the counterclaim cites and refers to the July 12 Letter, see Countercl. ¶¶ 13,

25, Omni argues that those references "do nothing more than allege that Inova notified Omni that it was reneging on the Agreement," Opp'n at 13. Inova, on the other hand, argues that the counterclaim must fail because it contradicts the contents of the July 12 Letter. See Mot. to Dismiss at 12–15.

But ultimately, the Court need not decide the issue because, even assuming that it incorporates the July 12 Letter,[4] Omni's counterclaim is plausible. Inova's assertion of implausibility relies on the contradiction between its allegation—that the relocation was a "clear and absolute breach of the Agreement," July 12 Letter at 42—and Omni's allegation that it "stood ready at all times . . . to perform as required under the Agreement's material terms," Countercl. ¶ 12. At this stage, the Court must construe factual allegations in the counterclaim in the light most favorable to Omni. The July 12 Letter simply contains Inova's spin on its interactions with Omni; that the Counterclaim contradicts Inova's characterization of the events in dispute does not render it implausible. Cf. Hurd v. Dist. of Columbia, 864 F.3d 671, 686 (D.C. Cir. 2017) ("[A]quiescing to the authenticity of documents introduced in an earlier case is a far cry from agreeing that those documents present a full or fair picture of a matter a party has a right to dispute . . . .").

Thus, the Court will move on to consider Inova's arguments that Omni's counterclaim is implausible in light of the documents incorporated in it and the "controlling facts" in this case. See Mot. to Dismiss at 7, 16. To state a claim for breach of contract under District of Columbia law, "a party must establish (1) a valid contract between the parties; (2) an obligation or duty

[4] See Ward, 768 F. Supp. 2d at 120 n.2 (noting that, because an external document was "referred to in the complaint," both that document itself and a collateral document "resulting from" it were "necessarily incorporat[ed]" in the complaint); N.Y. State Bar Ass'n v. FTC, 276 F. Supp. 2d 110, 114 n.6 (D.D.C. 2003) ("A document is not 'outside' the complaint if the complaint specifically refers to the document and if its authenticity is not questioned." (cleaned up) (citation omitted)).

arising out of the contract; (3) a breach of that duty; and (4) damages caused by breach." Zaccari v. Apprio, Inc., 390 F. Supp. 3d 103, 108 (D.D.C. 2019) (quoting Francis v. Rehman, 110 A.3d 615, 620 (D.C. 2015)). But to survive a motion to dismiss, a party need only "describe the terms of the alleged contract and the nature of the defendant's breach." Id. (quoting Francis, 110 A.3d at 620). Courts in the District of Columbia interpret contracts objectively, considering "what a reasonable person in the position of the parties would have thought the disputed language meant." Adler v. Abramson, 728 A.2d 86, 88 (D.C. 1999) (quoting Sagalyn v. Found. for Preservation of Historic Georgetown, 691 A.2d 107, 111 (D.C. 1997)). And a court must "interpret a contract as a whole, giving effective meaning to all of its terms." Wilson v. Hayes, 77 A.3d 392, 402 (D.C. 2013).

There is no dispute that the Agreement was a valid contract. See Countercl. ¶ 6; Mot. to Dismiss at 1. Omni alleges that, under the Agreement, Inova was obligated to hold the Event at Omni's Hotel on September 21, 2019, Countercl. ¶¶ 8–9, or, "if Inova backed out of the contract between June 23, 2019, and July 22, 2019," to "pay Omni liquidated damages in the amount of $29,000.00," id. ¶ 10. Because "Inova canceled the Event by its" July 12 Letter, id. ¶ 25, and then failed to "tender the agreed-upon . . . liquidated damages," id. ¶ 26, Omni claims that "Inova breached the Cancellation provision of the Agreement," id. ¶ 28.[5] Inova contends that this version of events is "implausible as it is based on frivolous allegations that . . . are contradicted by" the July 12 Letter, the terms of the Agreement itself, and "controlling facts." Mot. to Dismiss at 9, 16.

The Court will first consider the plausibility of Omni's claims as compared to "the plain terms of the Agreement." Mot. to Dismiss at 9. Under the section entitled "Event Details," the

[5] This pleading is in the alternative to two other suggested interpretations—that the parties "voluntarily agreed to rescind" the Agreement, Countercl. ¶ 14, or that they "reached an accord and satisfaction of their dispute," id. ¶ 15. The Court will address the effect of these alternative pleadings in more depth below.

Agreement provides that Inova would use five rooms at the Hotel beginning at 8:00 a.m. on September 21, 2019, including the Ambassador and Regency Ballrooms. Agreement at 21. If Inova canceled the Event between June 23 and July 22, 2019, Inova would pay Omni $29,000.00 "as liquidated damages." Id. at 22. The Agreement also provides that "[a]ny changes" to its terms would "not be considered agreed to or binding unless such modifications have been . . . approved in writing by both parties." Id. at 25.

The heart of this dispute is whether the precise location of the Event—in the Ambassador and Regency Ballrooms, see Agreement at 21, or elsewhere "at Omni's hotel facility," Countercl. ¶ 8—is a material term of the Agreement. Omni alleges that it undertook "preparations in good faith to host the Event according to the Agreement's material terms" and "stood ready at all times . . . to perform as required under the Agreement's material terms," although in different rooms than those specified in the Agreement. Countercl. ¶¶ 11–12. In Inova's view, on the other hand, "it is obvious that the specific requirement that the Event be held in the Ambassador and Regency Ballrooms was a material requirement of the Agreement." Mot. to Dismiss at 18–19.

But as the Court explained in denying Omni's motion to dismiss Inova's complaint, "'[t]he determination whether a material breach has occurred is generally a question of fact' except in the extreme circumstance where 'there is only one reasonable conclusion' on materiality, in which case 'a court must address what is ordinarily a factual question as a question of law.'" Mem. Op. & Order, Apr. 14, 2021 [ECF No. 41] ("April 14 Mem. Op.") at 12 (alteration in original) (quoting America v. Preston, 468 F. Supp. 2d 118, 122 (D.D.C. 2006)). And, as the Court explained, this is not a case where there is only one reasonable conclusion as to materiality. Id.[6] The location of

[6] Inova seems to read the Court's statement—that it would be "absurd" to conclude the location of the Event at the Hotel was immaterial as a matter of law, April 14 Mem. Op. at 12—as a conclusion that the location of the Event was material as a matter of law, see Mot. to Dismiss at 11 n.3, 19 n.6. Not so. Inova's interpretation reads "as a matter of law" out of the Court's opinion; the only absurdity the Court identified was in taking the extreme position

the Event was neither material nor immaterial as a matter of law. It could be the case that the alternative rooms Omni prepared would have been entirely sufficient for Inova's Event. Indeed, it could be that the proffered alternatives were better. Without engaging in a fact-specific inquiry, the Court cannot fully assess the effect of the room change on the Agreement as a whole. See America, 468 F. Supp. 2d at 125 (noting that the materiality of a breach of contract "turns on the extent to which plaintiff will be deprived of the benefit which he reasonably expected under the contract," among other factors). Thus, construing the facts in the light most favorable to Omni, as the Court must at this stage of the litigation, see Iqbal, 556 U.S. at 679, Omni's claim is plausible in light of the Agreement's terms.

Inova's other arguments fail for the same fundamental reason: the materiality of the Event's location in the Hotel is a question of fact, and the Court must construe factual allegations in the light most favorable to Omni. "[A] party is not automatically excused from future performance of contract obligations every time the other party commits a breach." Landmark Health Sols., LLC v. Not for Profit Hosp. Corp., 950 F. Supp. 2d 130, 137 (D.D.C. 2013). "Rather, if the breach has not contributed materially to the contract being terminated, it does not excuse performance." Id. at 137–38. Here, assuming (as the Court must) that Omni's decision to relocate the Event to other spaces within the Hotel was not a material breach, Inova was not automatically excused from holding its Event at the Hotel or paying liquidated damages if it canceled the Event. See Agreement at 22. And because Inova "communicated, by word or conduct, unequivocally and positively its intention not to perform," Wash. Nat'ls Stadium, LLC v. Arenas, Parks, & Stadium Sols., Inc., 192 A.3d 581, 586 (D.C. 2018) (citation omitted); see July 12 Letter at 44, Omni has

on the term's immateriality urged by Omni. Instead, the Court merely concluded that the question of materiality was a question of fact inappropriate for resolution on a motion to dismiss. See April 14 Mem. Op. at 12.

plausibly stated a claim that Inova breached the Agreement by canceling the Event and failing to pay liquidated damages as required under the Agreement, see Countercl. ¶¶ 24–28.

**II. Inconsistent Pleading**

Inova also contends that the counterclaim must be dismissed because it contains inconsistent factual allegations within a single claim. Mot. to Dismiss at 19–22. Omni responds that Federal Rule of Civil Procedure 8 permits such inconsistent factual pleading, Opp'n at 21–22; that any inconsistencies are between the affirmative defenses in its answer and its counterclaim, not within the counterclaim itself, id. at 22–24; and that, in any event, the inconsistencies are legal theories rather than factual allegations, id. at 24–25.

Federal Rule of Civil Procedure 8(d)(2) provides that "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if one of them is sufficient." And those claims may be inconsistent: "A party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3); cf. Henry v. Daytop Vill., Inc., 42 F.3d 89, 95 (2d Cir. 1994) (construing this Rule to mean that "a plaintiff may plead two or more statements of a claim, even within the same count, regardless of consistency," and permitting the inconsistency to "lie either in the statement of the facts or in the legal theories adopted" (citation omitted)). Although some courts have stated that a party may not plead inconsistent facts within a single claim for relief, see, e.g., Boyd v. Larregui, Civ. A. No. 3:19-cv-579 (CSH), 2020 WL 5820491, at *4 (D. Conn. Sept. 30, 2020); In re Livent, Inc. Noteholders Sec. Litig., 151 F. Supp. 2d 371, 407 (S.D.N.Y. 2001), courts in this District have held that alternative factual pleading is permissible "in support of inconsistent theories of recovery, so long as [a plaintiff] is 'legitimately in doubt as to what the evidence will show,'" Chambers v. NASA

Fed. Credit Union, 222 F. Supp. 3d 1, 16 (D.D.C. 2016) (quoting Harris v. Koenig, 722 F. Supp. 2d 44, 54 (D.D.C. 2010)).[7]

Inova contends that Omni falls afoul of the requirements of Rule 8(d) because it pleads three alternative factual theories—mutual rescission, accord and satisfaction, and breach of contract—within a single claim for breach of contract. See Mot. to Dismiss at 20. Omni responds that its claim pleads a single "legal theory, and facts, in the alternative to three of [its] affirmative defenses." Opp'n at 22 (cleaned up). In its answer—included in the same document as its counterclaim—Omni does indeed argue that the parties rescinded the Agreement; that Inova waived its rights under the Agreement by accepting a refund of its deposit from Omni; and that the parties reached an accord and satisfaction resolving their dispute. See Omni's Answer to Pls.' First Am. Compl. & Countercl. Against Pl. Inova [ECF No. 46] ("Answer") at 14–15 (Eleventh, Twelfth, and Thirteenth Defenses). In the counterclaim portion of the document, Omni repeats two of the alternative defenses, alleging that "[t]he parties . . . voluntarily agreed to rescind" the Agreement, Countercl. ¶ 14, or, "[a]lternatively," that the parties "reached an accord and satisfaction of their dispute," id. ¶ 15. But if "there is a finding in this action that there was neither a voluntary rescission of the Agreement, a waiver by Inova of [its] rights under the Agreement, nor an accord-and-satisfaction of the parties' dispute"—i.e., if its principal arguments fail—only

[7] In the District of Columbia, whether parties to a contract reached an accord and satisfaction or mutually agreed to rescind the contract are generally questions of fact. See Barrett v. Air Brakes & Controls, Inc., 130 A.2d 310, 311 (D.C. 1957) (holding that the "existence of [an accord and satisfaction] becomes a matter of law only when the facts related thereto are not in dispute," and that those facts include the existence of a "mutual agreement" between the parties); Rodenburg v. Dezendorf, 66 A.2d 210, 211 (D.C. 1949) (affirming verdict where jury rejected defense of mutual rescission). Omni asserts that its alternative theories of accord and satisfaction and mutual rescission "are all questions of law, or mixed questions of law and fact," Opp'n at 24, but it cites no authority for that proposition. In this case, it is not clear whether the parties agreed to treat Omni's return of Inova's deposit as an accord and satisfaction, cf. Barrett, 130 A.2d at 311 (declining to treat existence of accord and satisfaction as a question of fact where "the evidence on this point was conflicting"), or whether they agreed to treat Inova's cancellation of the Event as a mutual agreement to rescind the Agreement. The Court will accordingly treat the theories of mutual rescission and accord and satisfaction as questions of fact or mixed questions of law and fact.

then does Omni allege that it "did not agree to release Inova from its obligation under the Agreement." Id. ¶ 16.

Although Omni did include contradictory factual assertions in its counterclaim, it is clear that these assertions were not intended to support its claim for relief against Inova, but instead to reiterate and preserve its affirmative defenses. See Answer at 14–15; Countercl. ¶¶ 14–16. Omni is "legitimately in doubt" as to whether the evidence will support its alternate theories of mutual rescission, accord and satisfaction, or material breach by Inova. See Chambers, 222 F. Supp. 3d at 16 (citation omitted). A party may plead inconsistent facts in support of alternative theories of recovery, Powers–Bunce v. Dist. of Columbia, 479 F. Supp. 2d 146, 163–64 (D.D.C. 2007), and although Omni only has one "theory of recovery"—breach of contract by Inova—it does have three alternative theories defending against Inova's claims, theories which it did not wish to contradict in its counterclaim. Because it is clear that Omni's alternative factual theories are merely restatements of its affirmative defenses to Inova's claims, and because Omni is legitimately uncertain which theory the evidence will support, its inconsistent pleadings are permissible under Rule 8(d) and its counterclaim may proceed.

## Conclusion

For the foregoing reasons, the Court will deny Inova's motion to dismiss Omni's counterclaim. An Order to that effect will issue on this date.

/s/
JOHN D. BATES
United States District Judge

Dated: March 22, 2022